IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LIGHTNING OILFIELD SERVICES, INC. | § § § | |
| PLAINTIFF, | § | CASE NO._____ |
| v. | § § | |
| THE UNITED STATES OF AMERICA, | § § | |
| DEFENDANT. | § | JURY TRIAL DEMANDED |

## COMPLAINT FOR REFUND AND JURY DEMAND

Plaintiff, Lightning Oilfield Services, Inc., files this Complaint for Refund pursuant to 26 U.S.C. § 7422 against Defendant, the United States of America, seeking a refund of employee retention credits, plus interest thereon pursuant to 26 U.S.C. §§ 6611 and 6621. Plaintiff's refundable employee retention credits for the employment tax quarters at issue are as follows:

| Tax Period | Refundable Employee Retention Credit |
|---|---|
| Employment Tax Quarter Ending March 31, 2021 | $925,671.84 |
| Employment Tax Quarter Ending June 30, 2021 | $1,249,479.71 |
| Employment Tax Quarter Ending September 30, 2021 | $1,469,103.28 |
| Total | $3,644,272.83 |

To the extent applicable, Plaintiff seeks reasonable litigation and administrative costs as permitted by 26 U.S.C. § 7430. Plaintiff alleges:

### I.   PLAINTIFF

1. Plaintiff, Lightning Oilfield Services, Inc., is a domestic for-profit corporation with its principal place of business in Tarrant County, TX.

## II.  DEFENDANT

2. Defendant, is the United States of America and will be served by mailing a copy of this Complaint and summons by certified mail, return receipt requested, to (i) Leigha A. Simonton, U.S. Attorney for the Northern District of Texas, c/o Civil Processing Clerk, 1100 Commerce Street, 3rd Floor, Dallas, Texas 75242-1699; (ii) The Honorable Merrick B. Garland, Attorney General of the United States, United States Department of Justice, 950 Pennsylvania Ave., NW, Washington, DC 20530, and (iii) Daniel I. Werfel, Commissioner, Internal Revenue Service (the "Commissioner"), 1111 Constitution Ave., NW, Washington, DC 20224.

## III.  JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1340 and 1346.

4. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1402.

5. Venue is proper in the Fort Worth Division pursuant to 28 U.S.C. § 124(a)(2).

6. This suit arises under the Internal Revenue Code of the United States for the refund of taxes, interest, and penalties overpaid by Plaintiff.

7. Plaintiff complied with the requirements of 26 U.S.C. § 7422(a) by filing claims for refund via Forms 941-X, Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund, for each of the periods at issue.

8. Before February 28, 2022, Plaintiff paid all amounts due for the employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.

9. On or around February 28, 2022, Plaintiff filed Forms 941-X for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021 (collectively, the

"Claims"), to claim refunds relating to employee retention credits to which Plaintiff was lawfully entitled.

10. Plaintiff filed its Claims within the two years of payment as specified in 26 U.S.C. § 6511.

11. More than six months have elapsed since Plaintiff timely filed its Claims.

12. Plaintiff has not been notified that the IRS has allowed any of its Claims.

13. Moreover, on or around October 16, 2023, the IRS may have disallowed Plaintiff's Forms 941-X relating to the employment tax quarters June 30, 2021 and September 30, 2021.

14. Therefore, Plaintiff has satisfied the requirements of 26 U.S.C. § 6532.

### IV.     FACTUAL BACKGROUND

15. At all relevant times, Plaintiff was incorporated as a for-profit, domestic corporation with its principal place of business in Tarrant County, Texas

16. Plaintiff is in the trade and business of providing transportation services for the oil and gas industry.

17. Plaintiff continued to provide transportation services throughout the COVID-19 pandemic during 2019 through 2021.

18. Plaintiff employed an average of five hundred (500) or fewer full-time employees during 2019 through 2021.

19. Plaintiff paid qualified wages to its employees during 2021.

20. Plaintiff paid qualified health care expenses for its employees during 2021.

21. Plaintiff's gross receipts for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021 were less than 80% of the gross receipts than the same employment tax quarters in 2019.

22. Plaintiff is an "eligible employer" under all applicable statutory provisions, including the Internal Revenue Code and the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), as amended by the COVID-related Tax Relief Act (the "COVID Relief Act") and the American Rescue Plan Act (the "ARPA"), for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.

23. Plaintiff initially overreported tax amounts on its Forms 941, Employer's Quarterly Federal Tax Returns, for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021, respectively.

24. The IRS initially determined penalties relating to failure to timely deposit and pay employment taxes for the employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.

25. Plaintiff satisfies conditions for waiver or abatement of any and all penalties determined for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.

26. Plaintiff, by virtue of its employee retention credits, owed less tax than was initially determined, and any and all penalties are overstated.

27. On or about February 2022, Plaintiff timely filed its Claims for the sum of $3,644,272.83.

28. $3,644,272.83 represents the sum of Plaintiff's refundable employee retention credits for qualified wages and health plan expenses as follows:

| Tax Period | Refundable Employee Retention Credit |
|---|---|
| Employment Tax Quarter Ending March 31, 2021 | $925,671.84 |
| Employment Tax Quarter Ending June 30, 2021 | $1,249,479.71 |
| Employment Tax Quarter Ending September 30, 2021 | $1,469,103.28 |
| Total | $3,644,272.83 |

29. IRS documents indicate that the IRS received Plaintiff's Claims on or about February 28, 2022.

30. Plaintiff maintained adequate and accurate documentation to support the determination of gross receipts for employment quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.

31. As indicated in IRS records, the IRS issued a "HIRE Credit" for the employment tax quarter ending March 31, 2021, for an amount equal to the employee retention credits Plaintiff claimed for that quarter.

32. The IRS may have mislabeled the HIRE Credit.

33. The HIRE Credit was possibly issued in connection with Plaintiff's employee retention credit claim for refund for the employment tax quarter ending March 31, 2021.

34. Plaintiff is unaware if the IRS intended to grant a HIRE Credit in addition to Plaintiff's employee retention credit claim for refund for the employment tax quarter ending March 31, 2021.

35. The IRS appears to have disallowed Plaintiff's employee retention credit claims for refund for employment tax quarters ending June 30, 2021, and September 30, 2021, as indicated in IRS records.

## V.   GROUNDS FOR RELIEF

36. The CARES Act was enacted to provide *emergency economic assistance* to help individuals and businesses cope with the economic and public health crises triggered by the worldwide COVID-19 pandemic. P.L. 116,136, 134 Stat. 281 (2020) (*emphasis added*).

37. The CARES Act provides for an employee retention credit designed to encourage eligible employers to keep employees on their payroll despite experiencing economic hardship related to COVID-19. *Id*.

38. The IRS has failed to fulfill its statutory duty by holding Plaintiff's funds without justification.

39. The IRS's disallowance of Plaintiff's Claims frustrates the legislative intent of the CARES Act and amending legislation.

40. Plaintiff is an "eligible employer" under the Internal Revenue Code and the CARES Act, as amended by the COVID Relief Act and the ARPA, for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.

41. Plaintiff paid qualified wages and health plan expenses for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.

42. Plaintiff initially overreported tax amounts on its Forms 941 for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.

43. Plaintiff timely filed its Claims with the IRS for employee retention credits in the amount of $3,644,272.83.

44. As indicated in IRS records, the IRS issued a HIRE Credit for the employment tax quarter ending March 31, 2021, for an amount equal to the employee retention credits Plaintiff claimed for that quarter.

45. The IRS likely mislabeled the HIRE Credit.

46. The HIRE Credit likely relates to the Plaintiff's employee retention credit claim for refund for the employment tax quarter ending March 31, 2021.

47. To the extent that IRS's reference to the HIRE Credit was made in connection with Plaintiff's employee retention credit claim for refund for the employment tax quarter ending March 31, 2021, the IRS likely allowed Plaintiff's employee retention credit claim for refund for that quarter.

48. Nonetheless, the IRS appears to have disallowed Plaintiff's employee retention credit claims for refund for employment tax quarters ending June 30, 2021, and September 30, 2021, as indicated in IRS records.

49. Further to that end, the IRS has demonstrated unjustified, inconsistent treatment of Plaintiff's employee retention credit claims for refund.

50. The IRS's unjustified and inconsistent treatment of Plaintiff's employee retention credit claims for refund violates Plaintiff's rights pursuant to 26 U.S.C. § 7803(a)(3), including but not limited to the right to quality service, the right to pay no more than the correct amount of tax, and the right to a fair and just tax system.

51. The Commissioner has breached his duty pursuant to 26 U.S.C. § 7803(a)(2) to ensure that IRS employees are familiar with and act in accord with taxpayer rights.

52. Plaintiff has met all jurisdictional prerequisites required under 26 U.S.C. §§ 7422 and 6532.

53. Notwithstanding the foregoing, Plaintiff has met all jurisdictional and legal prerequisites for entitlement to employee retention credit claims for refund for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.

54. To the extent that the HIRE Credit relates to Plaintiff's employee retention credit claim for refund for the employment tax quarter ending March 31, 2021, Plaintiff is entitled to a refund of at least $2,718,609.99, plus interest thereon to the fullest extent of the law.

55. To the extent that the HIRE Credit does not relate to Plaintiff's employee retention credit claim for refund for the employment tax quarter ending March 31, 2021, Plaintiff is entitled to employee retention credits of at least $3,644,272.83, plus interest thereon to the fullest extent of the law.

56. Plaintiff satisfies the conditions for waiver or abatement of any penalties determined for employment tax quarters ending March 31, 2021, June 30, 2021, and September 30, 2021.

57. Plaintiff, by virtue of its employee retention credits, owed less tax than was initially determined, and any and all penalties are overstated.

58. Therefore, Plaintiff is entitled to refunds for penalties, plus interest thereon, paid in connection with the employment tax quarters at issue.

## VI.   JURY DEMAND

59. Plaintiff requests a jury trial for all issues triable as of right by a jury pursuant to Federal Rule of Civil Procedure 38(b).

## VII.   PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Lighting Oilfield Services, Inc., requests judgment against Defendant, the United States of America, for:

i) A refund of at least $2,718,609.99, plus interest thereon to the fullest extent of the law to the extent that the HIRE Credit relates to Plaintiff's employee retention credit claim for refund for the employment tax quarter ending March 31, 2021.

ii) A refund of at least $3,644,272.83, plus interest thereon to the fullest extent of the law, to the extent that the HIRE Credit does not relate to Plaintiff's employee retention credit claim for refund for the employment tax quarter ending March 31, 2021.

iii) A refund of all penalties and interest thereon paid in connection with the employment tax quarters at issue.

iv) Reasonable litigation and administrative costs as allowed by law.

v) Such other and further relief to which Plaintiff, Lightning Oilfield Services, Inc., is entitled at law or in equity.

Respectfully submitted,

By: /s/ Joel N Crouch
    Joel N. Crouch
    Texas State Bar No. 05144220

    /s/ Jeffrey M. Glassman
    Jeffrey M. Glassman
    Texas State Bar No. 24090128

    /s/ Reid Diaz
    Reid Diaz
    Texas State Bar No. 24132599

MEADOWS, COLLIER, REED
COUSINS, CROUCH & UNGERMAN, L.L.P.
901 Main Street, Suite 3700
Dallas, TX 75202
(214) 744-3700 Telephone
(214) 747-3732 Facsimile
jcrouch@meadowscollier.com
jglassman@meadowscollier.com
rdiaz@meadowscollier.com

Dated: December 15, 2023    ATTORNEYS FOR PLAINTIFFS